IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

Case No. _____

AUGUST IMAGE, LLC,

     Plaintiff,

v.

POLYPERCHON LLC d/b/a FilmBook,

     Defendant.

## COMPLAINT

Plaintiff August Image, LLC ("Plaintiff") sues defendant Polyperchon LLC d/b/a FilmBook ("Defendant"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located in New York, NY.

2. Defendant is a limited liability company organized and existing under the laws of the State of Connecticut with its principal place of business located at 206 Elm Street, P.O. Box 205344, New Haven, CT 06511-9992. Defendant's agent for service of process is Registered Agents Inc., 2389 Main Street, Suite 100, Glastonbury, CT 06033.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with Connecticut such that the exercise of personal jurisdiction over it would not offend traditional notices of fair play and substantial justice.

5.    Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agent(s) reside or may be found in this district.  "A defendant 'may be found' wherever that person is amenable to personal jurisdiction." <u>Cavu Releasing, LLC. v. Fries</u>, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005). In other words, "[v]enue is proper in his District because the defendants are subject to personal jurisdiction in this District." <u>Noble v. Crazetees.com</u>, 2015 U.S. Dist. LEXIS 130508, at *9 (S.D.N.Y. July 16, 2015).

<u>FACTS</u>

**I.    Plaintiff's Business**

6.    From its offices in New York City and London, Plaintiff represents (all around the world) over 100 of some of the most creative and innovative contemporary photographers working today.

7.    Plaintiff boasts a wide collection of portrait, lifestyle, beauty and fashion photography for editorial and commercial licensing. Some of Plaintiff's image collection and a list of the photographers it represents is available on its website (at https://www.augustimage.com/).

8.    Plaintiff sets itself apart from others because it is knowledgeable about its exclusive images and strives to provide a high level of customer satisfaction. In order to make its rights managed collection available to its clients, Plaintiff has spent years to secure the relationships, information and team to efficiently acquire the releases as necessary.

**II.    The Work at Issue in this Lawsuit**

9.    Art Streiber, Danielle Levitt, Justin Stephens, Martin Schoeller, Miller Mobley, and Mark Mann are some of the many renowned photographers represented by Plaintiff.

10.    Art Streiber, a Los Angeles based photographer, is a director specializing in reportage, portraiture, corporate, entertainment, and advertising projects.  Mr. Streiber's editorial and entertainment clients include Vanity Fair, Entertainment Weekly, Wired, Fortune, ESPN,

GQ, ABC, CBS, NBC, HBO, A&E, CNN, MCNBC, Paramount, Sony Pictures, DreamWorks, Warner Brothers Studios, Columbia-TriStar, and Universal Studios, to name a few.  Over the past 15 years, Mr. Streiber's photography has been selected for annual competitions of PDN, Communication Arts, and American Photography. His work can be viewed on his professional website (at  http://www.artstreiber.com/).

11.    Danielle Levitt is a photographer and film director who has two decades of work documenting celebrity, music, fashion, and art.   Ms. Levitt's unique ability to create connections has allowed her to break down barriers and exude agency and intimacy in her work.  Based in New York and Los Angeles, Ms. Levitt has strong cultural ties in both cities which impacts her projects, including her innovative process.  Ms. Levitt's work can be viewed on her professional website (at https://www.daniellelevitt.com/).

12.    Justin Stephens, a native of Southern California, initiated his career aiding some of the most prominent photographers in the industry.  His formal education and wide-spread exposure allowed him to eventually gain his own photographic and aesthetic style.  Formerly shooting for magazines and music labels such as Interview and Blender, Mr. Stephens ultimately started working with entertainment clients and celebrities such as Entertainment Weekly, People, Paramount Pictures, Showtime, and CBS, to name a few.  Mr. Stephens' work can be viewed on his professional website (at https://www.justinstephens.com/).

13.    Martin Schoeller is a distinguished contemporary portrait photographer most known for his extreme close-up photographs. After studying photography at the Lette Verein, he moved to New York in the 1990s and initiated his career. Mr. Schoeller's work soon gained respect for its robust visual impact and has contributed for over two decades to publications including The New Yorker, TIME, Rolling Stone, Vanity Fair, National Geographic, among others. He has won several accolades, markedly receiving acclaim for his Colin Kaepernick

photograph in Nike's "Just Do It" campaign. Mr. Schoeller's work can be viewed on his professional website (at https://martinschoeller.com/).

14.    Miller Mobley, born and reared in Alabama, is an American designer, photographer, and restauranteur.  Mr. Mobley is known for photographing some of the most notable personalities including the late Anthony Bourdain and former First Lady Michelle Obama for her memoir, "Becoming." He has been contracted for companies such as Netflix, Disney, Google, AMC, HBO, Time, Elle, Harper's Bazaar, Facebook, and National Geographic, to name a few. In 2020, Mr. Mobley opened his very first restaurant, Slim's, a community pizzeria in Alabama. His work can be viewed on his professional website (at https://millermobley.com/).

15.    Mark Mann is an advertising photographer and celebrity, born and raised in Glasgow, Scotland. After studying at Manchester Polytechnic, an esteemed photographic program, he began aiding creative fashion photographers Miles Aldridge and Nick Knight, gaining knowledge all while building his own portfolio.  A few years later, he moved to New York and began appearing in editorials such as Men's Health, Spin, Esquire, Billboard, Complex, among others.  Mr. Mann has photographed some of the most beloved celebrities including Stevie Wonder, Willie Nelson, Dave Chapelle, Jerry Seinfeld, Jennifer Hudson, Queen Latifah, and Sean Connery, to name a few. One of Mr. Mann's latest projects, "The Life of Man", afforded him the opportunity to shoot for the sitting President and former President Bill Clinton. Mr. Mann's work can be viewed on his professional website (at https://www.markmannphoto.com/).

A.    **The First Photograph**

16.    In 2014, Mr. Streiber took a professional photograph of a movie scene from "Terminator 5" for Entertainment Weekly titled "AU1512511" (the "First Photograph").  A copy

of the First Photograph is exhibited below:



**B.**     **The Second Photograph**

17.    In 2014, Mr. Streiber took a professional photograph of a movie scene from "Terminator 5" for Entertainment Weekly titled "AU1512514" (the "Second Photograph").  A copy of the Second Photograph is exhibited below:



**C.    The Third Photograph**

18.    In 2014, Mr. Streiber took a professional photograph of a movie scene from "Terminator 5" for Entertainment Weekly titled "AU1512512" (the "Third Photograph").  A copy of the Third Photograph is exhibited below:



19.     The First Photograph, Second Photograph, and Third Photograph were registered by Mr. Streiber with the Register of Copyrights on March 31, 2020 and were assigned Registration No. VA 2-201-769. A true and correct copy of the printout from the US Copyright Office pertaining to the registration of the First Photograph, Second Photograph, and Third Photograph is attached hereto as **Exhibit "A."**

**D.     The Fourth Photograph**

20.     In 2013, Mr. Streiber took a professional photograph of a scene from the show "The Walking Dead" titled "AU1339701" (the "<u>Fourth Photograph</u>").  A copy of the Fourth Photograph is exhibited below:



**E.    The Fifth Photograph**

21.    In 2013, Mr. Streiber took a professional photograph of a scene from the television show "The Walking Dead" titled "AU1336591" (the "Fifth Photograph").  A copy of the Fifth Photograph is exhibited below:



**F.    The Sixth Photograph**

22.    In 2013, Mr. Streiber took a professional photograph of a scene from the television show "The Walking Dead" titled "AU 1336782" (the "Sixth Photograph").  A copy of the Sixth Photograph is exhibited below:



23.     The Fourth Photograph, Fifth Photograph, and Sixth Photograph were registered by Mr. Streiber with the Register of Copyrights on March 31, 2020 and were assigned Registration No. VA 2-201-749. A true and correct copy of the printout from the US Copyright Office pertaining to the registration of the Fourth Photograph, Fifth Photograph and Sixth Photograph is attached hereto as **Exhibit "B."**

24.     Mr. Streiber is the owner of the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, and Sixth Photograph and has remained the owner at all times material hereto.

25.     For all times relevant to this action, Plaintiff has been appointed as the exclusive administrator and publisher of all copyright rights in and to the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, and Sixth Photograph.

As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

### G.    The Seventh Photograph

26.    In 2012, Ms. Levitt took a professional photograph of actress Aubrey Plaza titled "AU 1303759" (the "Seventh Photograph").   A copy of the Seventh Photograph is exhibited below:



27.    The Seventh Photograph was registered by Ms. Levitt with the Register of Copyrights on March 21, 2020 and was assigned Registration No. VA 2-296-859. A true and correct copy of the Certification of Registration pertaining to the Seventh Photograph is attached hereto as **Exhibit "C."**

28.    Ms. Levitt is the owner of the Seventh Photograph and has remained the owner at

all times material hereto.

29.     For all times relevant to this action, Plaintiff has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Seventh Photograph.  As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

**H.    The Eighth Photograph**

30.     In 2015, Mr. Stephens took a professional photograph of actress Melissa Benoist as Supergirl titled "AU 1806215" (the "Eighth Photograph").  A copy of the Eighth Photograph is exhibited below:



31.     The Eighth Photograph was registered by Mr. Stephens with the Register of Copyrights on November 3, 2020 and was assigned Registration No. VA 2-230-190.  A true and correct copy of the Certification of Registration pertaining to the Eighth Photograph is attached hereto as **Exhibit "D."**

32.     Mr. Stephens is the owner of the Eighth Photograph and has remained the owner

at all times material hereto.

33.    For all times relevant to this action, Plaintiff has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Eighth Photograph.  As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

**I.    The Ninth Photograph**

34.    In 2010, Mr. Schoeller took a professional photograph of actress Emma Watson titled "AU 1111373" (the "Ninth Photograph").  A copy of the Ninth Photograph is exhibited below:



35.    The Ninth Photograph was registered by Mr. Schoeller with the Register of Copyrights on October 5, 2020 and was assigned Registration No. VA 2-221-637. A true and

correct copy of the Certification of Registration pertaining to the Ninth Photograph is attached hereto as **Exhibit "E."**

36.    Mr. Schoeller is the owner of the Ninth Photograph and has remained the owner at all times material hereto.

37.    For all times relevant to this action, Plaintiff has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Ninth Photograph.  As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

**J.    The Tenth Photograph**

38.    In 2018, Mr. Mobley took a professional photograph of actor Josh Brolin titled "AU 11229888" (the "Tenth Photograph").  A copy of the Tenth Photograph is exhibited below:



39.    The Tenth Photograph was registered by Mr. Mobley with the Register of Copyrights on November 9, 2020 and was assigned Registration No. VA 2-231-277.  A true and correct copy of the printout from the US Copyright Office pertaining to the registration of the Tenth Photograph is attached hereto as **Exhibit "F.**

K.    **The Eleventh Photograph**

40.    In 2013, Mr. Mobley took a professional photograph of Hollywood Reporter's 2013 Director Roundtable titled "AU 1853028" (the "Eleventh Photograph").  A copy of the Eleventh Photograph is exhibited below:



41.    The Eleventh Photograph was registered by Mr. Mobley with the Register of Copyrights on January 12, 2022 and was assigned Registration No. VA 2-285-361. A true and correct copy of the Certification of Registration pertaining to the Eleventh Photograph is attached hereto as **Exhibit "G."**

42.    Mr. Mobley is the owner of the Tenth Photograph and Eleventh Photograph and has remained the owner at all times material hereto.

43.    For all times relevant to this action, Plaintiff has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Tenth Photograph and Eleventh Photograph.  As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

    **K.    The Twelfth Photograph**

16

44.    In 2019, Mr. Mann took a professional photograph of actor Aldis Hodge (the "Twelfth Photograph").  A copy of the Twelfth Photograph is exhibited below:



45.    The Twelfth Photograph was registered by Mr. Mann with the Register of Copyrights on May 30, 2020 and was assigned Registration No. VA 2-207-801. A true and correct copy of the printout from the US Copyright Office pertaining to the registration of the Twelfth Photograph is attached hereto as **Exhibit "H."**

46.    Mr. Mann is the owner of the Twelfth Photograph and has remained the owner at all times material hereto.

47.    For all times relevant to this action, Plaintiff has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Twelfth Photograph.  As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  <u>See</u> 17

U.S.C. § 501(b).

**L.    The Thirteenth Photograph**

48.    In 2014, Mr. Mann took a professional photograph of English actor Benedict Cumberbatch titled "AU 1561939" (the "Thirteenth Photograph").  A copy of the Thirteenth Photograph is exhibited below:



49.    The Thirteenth Photograph was registered by Mr. Mann with the Register of Copyrights on October 31, 2022 and was assigned Registration No. VA 2-326-585. A true and correct copy of the printout from the US Copyright Office pertaining to the registration of the Thirteenth Photograph is attached hereto as **Exhibit "I."**

50.    Mr. Mann is the owner of the Thirteenth Photograph and has remained the owner at all times material hereto.

51.    For all times relevant to this action, Plaintiff has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Thirteenth Photograph.  As

such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

52.     The First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, the Eleventh Photograph, the Twelfth Photograph, and the Thirteenth Photograph are collectively referred to herein as the "Work."

**III.     Defendant's Unlawful Activities**

53.     Defendant is an independently owned news website focused on the reporting of television and film industries.

54.     Defendant advertises/markets its business primarily through its website (https://film-book.com/), social media (e.g. https://twitter.com/FilmBookdotCom, https://www.instagram.com/filmbookdotcom/, https://www.facebook.com/FIlmBookdotCom), and other forms of advertising.

55.     On October 30, 2014 (before the above-referenced copy registration of the First Photograph, Second Photograph, and Third Photograph), Defendant published the First Photograph, Second Photograph, and Third Photograph on its website in connection with an article titled 'TERMINATOR: GENISYS (2015): Plot Details, 1st Character Images, EW Covers' (at https://film-book.com/terminator-genisys-2015-plot-details-1st-character-images-ew-covers/):



URL: https://film-book.com/terminator-genisys-2015-plot-details-1st-character-images-ew-covers/
Screenshot Taken: 2022-09-06 21:20 (Europe/Budapest)    HTML Updated: "film-book.com" reports "09/06/2022 20:42:40".    Case ID: CAS-117133    URL ID: UID-00930558
IP Addresses: Client "176.63.8.179" contacted server "film-book.com" at "188.114.97.3".



URL: https://film-book.com/terminator-genisys-2015-plot-details-1st-character-images-ew-covers/
Screenshot Taken: 2022-09-06 21:38 (Europe/Budapest)    HTML Updated: "film-book.com" reports "09/06/2022 20:42:40".    Case ID: CAS-117133    URL ID: UID-00930598
IP Addresses: Client "176.63.8.179" contacted server "film-book.com" at "188.114.97.9".



56.    On July 19, 2013 (before the above-referenced copy registration of the Fourth Photograph and Fifth Photograph), Defendant published the Fourth Photograph and Fifth Photograph on its website in connection with an article titled 'WALKING DEAD: Season 4 TV Show Trailer, Pics: San Diego Comic-Con 2013' (at https://film-book.com/walking-dead-season-4-tv-show-trailer-pictures-san-diego-comic-con-2013/):





57.    On July 16, 2013 (before the above-referenced copy registration of the Sixth Photograph), Defendant published the Sixth Photograph on its website in connection with an article titled 'WALKING DEAD: Season 4 TV Show Images: Michonne, Daryl, Maggie, Glenn' (at https://film-book.com/the-walking-dead-season-4-tv-show-images-michonne-daryl-maggie-glenn/):



58.     On February 4, 2016 (before the above-referenced copy registration of the Seventh Photograph), Defendant published the Seventh Photograph on its website in connection with an article titled 'TV Casting: TAKEN, THE WALKING DEAD, Dan Stevens, Aubrey Plaza, & Jean Smart in LEGION (at https://film-book.com/tv-casting-taken-the-walking-dead-dan-stevens-aubrey-plaza-jean-smart-in-legion/):



59.     On May 12, 2016 (before the above-referenced copy registration of the Eighth Photograph), Defendant published the Eighth Photograph on its website in connection with an article titled 'SUPERGIRL: Series Moves to The CW After Getting a Season Two [CBS]' (at https://film-book.com/supergirl-series-gets-full-season-order-of-20-episodes-cbs//):



60.     On June 14, 2013 (before the above-referenced copy registration of the Ninth Photograph), Defendant published the Ninth Photograph on its website in connection with an article titled 'THE QUEEN OF THE TEARLING: Emma Watson's New Warner Bros Film Series' (at https://film-book.com/the-queen-of-the-tearling-emma-watsons-new-warner-bros-film-series/):



61.     On February 27, 2020 (before the above-referenced copy registration of the Tenth Photograph), Defendant published the Tenth Photograph on its website in connection with an

article titled 'TV Casting: THE LOST BOYS, UNDERGROUND RAILROAD, Josh Brolin in OUTER RANGE, & More' (at https://film-book.com/tv-casting-the-lost-boys-underground-railroad-josh-brolin-in-outer-range-more/):



62.    On November 15, 2013 (before the above-referenced copy registration of the Eleventh Photograph), Defendant published the Eleventh Photograph on its website in connection with an article titled 'Director's Roundtable (2013) Video: Cuaron, McQueen, Russell, Stiller' (at https://film-book.com/directors-roundtable-2013-video-cuaron-mcqueen-russell-stiller/):



63.    On September 29, 2020 (after the above-referenced copy registration of the Twelfth Photograph), Defendant published the Twelfth Photograph on its website in connection with an article titled 'BLACK ADAM (2021): Aldis Hodge Cast as Hero Hawkman in DC Comics Feature' (at https://film-book.com/black-adam-2021-aldis-hodge-cast-as-hero-hawkman-in-dc-comics-feature/):



64.    On December 28, 2015 (before the above-referenced copy registration of the Thirteenth Photograph),  Defendant published the Thirteenth Photograph on its website in connection with an article titled 'DOCTOR STRANGE (2016): Benedict Cumberbatch's 1st Official Images' (at https://film-book.com/doctor-strange-2016-benedict-cumberbatchs-1st-official-images/):



65.    A true and correct copy of screenshots of Defendant's website, displaying the copyrighted Work, is attached hereto as **Exhibit "J."**

66.    Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website or for any other purpose.

67.    Defendant utilized the Work for commercial use – namely, in connection with the marketing of Defendant's online news website.

68.    Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

69.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovery of Defendant's unauthorized use/display of any photograph comprising the Work was in February 2020. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use.  To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

70.     All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
*First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, the Eleventh Photograph, and the Thirteenth Photograph*

71.     Plaintiff re-alleges and incorporates paragraphs 1 through 70 as set forth above.

72.     Each photograph comprising the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, Sixth Photograph, Seventh Photograph, Eighth Photograph, Ninth Photograph, Tenth Photograph, the Eleventh Photograph, and the Thirteenth Photograph (collectively, the "Pre-Registration Infringed Work") is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

73.     Mr. Streiber owns a valid copyright in the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, and Sixth Photograph, having registered the First Photograph, Second Photograph, Third Photograph, Fourth Photograph, Fifth Photograph, and Sixth Photograph with the Register of Copyrights.

74.     Ms. Levitt owns a valid copyright in the Seven Photograph, having registered the Seven Photograph with the Register of Copyrights.

75.     Mr. Stephens owns a valid copyright in the Eighth Photograph, having registered the Eighth Photograph with the Register of Copyrights.

76.     Mr. Schoeller owns a valid copyright in the Ninth Photograph, having registered the Ninth Photograph with the Register of Copyrights.

77.     Mr. Mobley owns a valid copyright in the Tenth Photograph and Eleventh Photograph, having registered the Work with the Register of Copyrights.

78.     Mr. Mann owns a valid copyright in the Thirteenth Photograph, having registered the Thirteenth Photograph with the Register of Copyrights.

79.     Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright (as Plaintiff serves as the exclusive licensing agent with respect to the Work).

80.     As a result of Plaintiff's reproduction, distribution, and public display of the Pre-Registration Infringed Work, Defendant had access to the Pre-Registration Infringed Work prior to its own reproduction, distribution, and public display of the Work on its website.

81.     Defendant reproduced, distributed, and publicly displayed the Pre-Registration Infringed Work without authorization from Plaintiff.

82.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Pre-Registration Infringed Work for its own commercial purposes.

83.     Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

84.      Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Pre-Registration Infringed Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Pre-Registration Infringed Work, which amounts shall be proven at trial.

85.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a.    A declaration that Defendant has infringed Plaintiff's copyrights in the Pre-Registration Infringed Work;

b.    An award of actual damages and disgorgement of profits as the Court deems proper.

c.    Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

d.    Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Pre-Registration Infringed Work or to participate or assist in any such activity; and

e.    For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
### *The Twelfth Photograph*

86.    Plaintiff re-alleges and incorporates paragraphs 1 through 70 as set forth above.

87.    The Twelfth Photograph is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

88.    Mr. Mann owns a valid copyright in the Twelfth Photograph, having registered the Twelfth Photograph with the Register of Copyrights.

89.     Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright (as Plaintiff serves as the exclusive licensing agent with respect to the Twelfth Photograph).

90.     As a result of Plaintiff's reproduction, distribution, and public display of the Twelfth Photograph, Defendant had access to the Twelfth Photograph prior to its own reproduction, distribution, and public display of the Twelfth Photograph on its website, webpage, and/or social media.

91.     Defendant reproduced, distributed, and publicly displayed the Twelfth Photograph without authorization from Plaintiff.

92.     By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Twelfth Photograph for its own commercial purposes.

93.     Defendant's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. Defendant (who is in the news and media business and posts many professional photographs on its website/social media) clearly understands that high-end photography is not generally available for free or that such cannot simply be copied from the internet.

94.     Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

95.     Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Twelfth Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Twelfth Photograph, which amounts shall be proven at trial.

96.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages

31

pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

97.    Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

98.    Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

f.  A declaration that Defendant has infringed Plaintiff's copyrights in the Twelfth Photograph;

g.  A declaration that such infringement is willful;

h.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Twelfth Photograph;

i.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

j.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

k.  Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Twelfth Photograph or to participate or assist in any such activity; and

l.  For such other relief as the Court deems just and proper.

## **Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: February 18, 2023

Respectfully,
Plaintiff,
AUGUST IMAGE, LLC,
By & through their attorney,

Chip Muller, Esq.
Chip Muller, Esq. (#30534)
Muller Law, LLC
47 Wood Ave
Barrington RI 02806
(401) 256-5171
chip@mullerlaw.com